IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS G. NAUMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH HIGHWAY PATROL, NEIL EKBERG,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00560-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This civil rights matter was referred to the court under 28 U.S.C. § 636(b)(1)(B). (Dkt. 19.) Plaintiff Thomas G. Nauman ("Plaintiff") alleges that he suffered personal injury to his right shoulder when Defendant, Trooper Neil Ekberg ("Trooper Ekberg") arrested him on suspicion of driving under the influence in 2010. (Dkt. 1.) Presently before the court are: Defendant's Motion for Summary Judgment (ECF No. 26), Plaintiff's Motion for Summary Judgment (ECF No. 23), and Plaintiff's Motion to Add Additional Punitive Damages (ECF No. 40). Neither party requested oral argument on any motion.

## DISCUSSION

### I.   Trooper Ekberg's motion for summary judgment

#### a.  Undisputed facts

On July 31, 2010, Trooper Ekberg observed Plaintiff committing traffic violations, including failing to stop at a stop sign, failing to signal before turning, and failing to pull over when Trooper Ekberg first activated the flashing lights on his police car. (ECF No. 26; ECF No.

34.) Trooper Ekberg made contact with Plaintiff and observed that Plaintiff's speech was slow. (ECF No. 26.) Plaintiff stated that he took morphine prior to driving. (*Id.*) Trooper Ekberg administered field sobriety tests, which Plaintiff failed. (*Id.*) Trooper Ekberg arrested Plaintiff for suspicion of driving under the influence. (*Id.*; ECF No. 34 at 16–22.)

In response to Plaintiff's request for accommodation of a preexisting injury, Trooper Ekberg handcuffed Plaintiff's hands in front of his waist, rather than behind his back. (*Id.*) Plaintiff does not challenge any of these actions. Instead, he alleges that Trooper Ekberg injured his right shoulder as Trooper Ekberg was later leading Plaintiff into the jail. (*Id.*) Jail staff and officers did not observe that Plaintiff was in any unusual pain. (*Id.*) Plaintiff did not complain to Trooper Ekberg that Trooper Ekberg had injured Plaintiff. (*Id.*; Nauman Dep. 81:10–22.)

### 1. *Plaintiff did not dispute Trooper Ekberg's facts*

Plaintiff failed to follow the federal and local rules in his summary judgment briefing. Under those rules, "all material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the movant's statement of material facts will be deemed admitted unless specifically controverted by the statement of the opposing party identifying and citing to material facts of record meeting the requirements of Fed. R. Civ. P. 56." D. U. Civ. R. 56-1(c). Plaintiff made no attempt to respond to any of Trooper Ekberg's statements of facts. Instead, Plaintiff submitted an opposition that merely repeats allegations regarding his various injuries. Notwithstanding the liberal construction afforded to pro se pleadings, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other

litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, Plaintiff has failed to dispute the above facts.[1]

### b. Parties' arguments

Trooper Ekberg argues he is entitled to summary judgment on the basis of qualified immunity. (ECF No. 26.) Trooper Ekberg argues Plaintiff cannot establish a violation of his clearly established constitutional rights. (*Id.*) Plaintiff responds by arguing that he was severely injured following his arrest. (ECF No. 34.)

### c. Analysis

Plaintiff's pleadings and other papers are to be construed liberally because he proceeds pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). To pierce Trooper Ekberg's qualified immunity and defeat Trooper Ekberg's motion for summary judgment, Plaintiff must show that Trooper Ekberg's actions rose to the level of a violation of Plaintiff's clearly established constitutional rights. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Novitsky v. City Of Aurora*, 491 F.3d 1244, 1252 (10th Cir. 2007).

### 1. *Plaintiff does not argue his rights were violated, or that those rights were clearly established*

Plaintiff does not meet his burden to demonstrate a violation of his clearly established constitutional rights. If a plaintiff fails to properly support an argument that his clearly

---

[1] Notwithstanding this failure, Plaintiff does refer to additional facts in his opposition. To the extent those facts are relevant to the court's analysis, they are discussed below and all facts are considered in the light most favorable to Plaintiff.

established constitutional rights have been violated, the defendant is entitled to summary judgment on the grounds of qualified immunity. *Rojas v. Anderson*, 727 F.3d 1000, 1004–05 (10th Cir. 2013). Further, any law a plaintiff cites to demonstrate that a right is "clearly established" must address "the specific context of the case presented." *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010). In *Rojas*, the Tenth Circuit affirmed summary judgment against a plaintiff who made only conclusory arguments that his rights had been violated. *Rojas* at 1004. Here, Plaintiff omits *any* argument that his rights have been violated or that those rights were clearly established. Instead, Plaintiff writes at length about his alleged injuries and his subjective beliefs about the interaction with Trooper Ekberg. Accordingly, Plaintiff failed to meet his burden to demonstrate a violation of his clearly established constitutional rights. Likewise, although Plaintiff proceeds pro se, the court must not act as his advocate by constructing arguments on his behalf. *See Drake*, 927 F.2d at 1159. Accordingly, the District Court should grant Trooper Ekberg's motion for summary judgment.

2.  *Alternatively, if the court construes Plaintiff's opposition to argue Trooper Ekberg applied excessive force, Plaintiff's claim fails*

Given Plaintiff's pro se status, the court must construe his opposition liberally, without constructing arguments on his behalf. *See id.* This case presents a peculiar difficulty in this regard because Plaintiff never explains how his rights were violated. Instead, Plaintiff only complains that his shoulder was injured. Trooper Ekberg's briefing assumes that Plaintiff argues Trooper Ekberg applied excessive force. The court will do the same.[2]

"Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or

---

[2] Trooper Ekberg also addresses the appropriateness of the initial arrest. The court can find no part of Plaintiff's opposition brief that appears to challenge the arrest. Indeed, Plaintiff testified he did not believe the initial arrest violated his rights. (Nauman Dep. 74:5–11.)

threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (U.S. 1989). The force applied

must be reasonable according to the facts and circumstances of the particular case. *Id.* The

Fourth Amendment "does not require [police] to use the least intrusive means in the course of a

detention, only reasonable ones." *Fisher v. City of Las Cruces*, 584 F.3d 888, 894 (10th Cir.

2009). Finally, the "calculus of reasonableness must embody allowance for the fact that police

officers are often forced to make split-second judgments—in circumstances that are tense,

uncertain, and rapidly evolving—about the amount of force that is necessary . . . ." *Id.*

Plaintiff argues Trooper Ekberg "escorted [Plaintiff] into the jail by using my right arm

and bending it behind me enough to cause damage." (ECF No. 34 at 6.) Plaintiff testified during

his deposition that Trooper Ekberg "pulled [Plaintiff] by the arm out of the car" and "grabbed

[Plaintiff's] arms behind [his] back as if [Trooper Ekberg] was trying to handcuff [Plaintiff]

behind [his] back." (Nauman Dep. 80:16–22.) Plaintiff said his arm "popped" as he told Trooper

Ekberg, "[l]et go of my arm, it doesn't go that way." (*Id.* at 81:1–14.) Trooper Ekberg then led

Plaintiff into the jail by the arm without handcuffing him. (*Id.* at 81:23–25.)[3]

## A.  Plaintiff does not identify a violation of any right

Even assuming a jury credits this version of events, a rational jury could not find Trooper

Ekberg used excessive force. "[I]n nearly every situation where an arrest is authorized . . .

handcuffing is appropriate." *Fisher v. City of Las Cruces*, 584 F.3d 888, 896 (10th Cir. 2009) As

Plaintiff concedes, Trooper Ekberg did not violate Plaintiff's rights by arresting him for

suspicion of driving under the influence, a misdemeanor offense under the Utah Code. *See* Utah

---

[3] Plaintiff also appears to argue that certain actions of another officer likewise constitute
excessive force, but that officer is not a party in this lawsuit. The court is "therefore constrained
to assess the strengths and weaknesses of [Plaintiff]'s unlawful seizure claim based on [Troop]er
[Ekberg]'s actions alone." *Martinez v. Carr*, 479 F.3d 1292, 1295 (10th Cir. 2007).

Code Ann. § 41-6a-502 & 503. Thus, the handcuffing at arrest did not violate Plaintiff's rights. Indeed, Plaintiff does not challenge the initial handcuffing. (Nauman Dep. 74:5–11.)

Plaintiff does challenge a later adjustment of the handcuffs.[4] Yet, Plaintiff does not show how the force applied was unreasonable. Even according to Plaintiff, Trooper Ekberg did not actually handcuff Plaintiff's hands behind his back. Instead, Trooper Ekberg purportedly attempted to do so, but stopped as soon as Plaintiff said his arm "doesn't go that way." (*Id.* at 81:13–14.) Thus, even according to Plaintiff's version of events, Trooper Ekberg's actions were reasonable. Trooper Ekberg justifiably handcuffed Plaintiff's hands in front of his waist. Later, Trooper Ekberg tried to adjust the handcuffs to place Plaintiff's hands behind his back, but Trooper Ekberg abandoned this attempt when Plaintiff protested.[5] "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (U.S. 1989). No reasonable jury could conclude that Trooper Ekberg's alleged attempt to adjust Plaintiff's handcuffs, which he abandoned when Plaintiff protested, constitutes excessive force.

## B. Plaintiff does not identify a clearly-established right

Moreover, Plaintiff does not cite any case that suggests these circumstances constitute excessive force. Likewise, Plaintiff does not explain why he believes the adjustment constitutes an unlawful use of force. In fact, Plaintiff admitted he understood that law enforcement policy and procedure dictates that arrestees be handcuffed behind their back. (Nauman Dep. 74 at 12–

---

[4] Trooper Ekberg denies making any adjustment, but the court views the facts in the light most favorable to Plaintiff for purposes of this motion. (*See* ECF No. 26 at 5.)

[5] Plaintiff speculates that Trooper Ekberg knew he injured Plaintiff, but there is no admissible evidence cited that could support this assumption.

14.) Thus, Plaintiff has not identified a clearly established constitutional right, nor even suggested any objective standard by which the court might measure Trooper Ekberg's behavior.

Additionally, even if the court undertakes Plaintiff's duty to conduct legal research, the court is unable to find a clearly established constitutional right that governs this factual circumstance. *See Thomas*, 607 F.3d at 669 (stating that the law cited to establish a right must address "the specific context of the case presented [in the case at bar]."). Trooper Ekberg analogizes to Tenth-Circuit precedent governing excessive force claims based on handcuffing. Yet, Plaintiff does not complain about the manner in which he was handcuffed. Instead, Plaintiff alleges that Trooper Ekberg manipulated his arm in an attempt to handcuff Plaintiff, but Trooper Ekberg stopped when Plaintiff said his arm "doesn't go that way." The court is unable to find a clearly established right to be free from such an attempt to handcuff.

Further, Tenth Circuit precedent regarding handcuffing supports Trooper Ekberg's actions. Even in a traditional excessive-force case involving handcuffs, a plaintiff must make a contemporaneous complaint to the arresting officer(s) of pain or exacerbation of injury. *See Fisher v. City of Las Cruces*, 584 F.3d 888, 896 (10th Cir. 2009) (finding officers handcuffed plaintiff despite observing his gunshot wounds, but noting the case would be different if plaintiff had not complained or officers did not know of the injury); *see also Lyons v. City of Xenia*, 417 F.3d 565, 576 (6th Cir. 2005) (stating plaintiff "must show that officers ignored plaintiff's complaints that the handcuffs were too tight") (cited with approval in *Fisher*). Here, Plaintiff testified that he did not tell Trooper Ekberg of any pain when Trooper Ekberg made the adjustment in question. (Nauman Dep. 81:10–22.) Even treating Plaintiff's complaint that his arm "doesn't go that way" as an adequate complaint, Trooper Ekberg abandoned his attempt to handcuff Plaintiff when he said this. Tenth-Circuit precedent does not require any more than this

from Trooper Ekberg. Based on the foregoing, the court will recommend the District Court grant Trooper Ekberg's motion for summary judgment.

## II.    Plaintiff's motion for summary judgment

Much like his opposition to Trooper Ekberg's motion for summary judgment, Plaintiff's motion for summary judgment thoroughly addresses his injuries that were allegedly caused or exacerbated by Trooper Ekberg. Unfortunately for Plaintiff, in light of the court's decision regarding Trooper Ekberg's immunity from suit, the court does not reach these other issues. The court does not seek to diminish the pain Plaintiff describes. The court has no reason to doubt Plaintiff's report that he suffers from various ailments, including pain in his shoulder. Nonetheless, Trooper Ekberg enjoys qualified immunity from this lawsuit. Qualified immunity can preclude suits against officers even if they cause grievous injury through their use of force. *See, e.g.*, *Thomas v. Durastanti*, 607 F.3d 655, 661, 671 (10th Cir. 2010) (granting immunity for gunshot wounds to the head and leg). Accordingly, Plaintiff's motion for summary judgment should be denied. (ECF No. 23.)

## III.    Plaintiff's motion for additional punitive damages

Based on the analysis above, summary judgment must be granted to Trooper Ekberg. Thus, Plaintiff's motion to increase punitive damages fails because Plaintiff cannot recover any damages. Accordingly, the motion should be denied. (ECF No. 40.)

Yet, the motion contains certain allegations that must be addressed. Plaintiff alleges that Trooper Ekberg's counsel represented a certain motion (for extension of time to file a reply memorandum) as stipulated, when Plaintiff had not agreed to an extension. (ECF No. 40 at 3–6.) Plaintiff also alleges he did not receive a mailed or emailed copy of the motion, contrary to the indication on the certificate of delivery. While these allegations are troubling, if true, they do not

affect the merits of this case. Even assuming counsel engaged in the alleged misconduct, Plaintiff has not offered any reason that the motion for extension should have been denied absent the purported stipulation. Also, Plaintiff alleges misconduct on the part of counsel, not Trooper Ekberg. Thus, the motion should be denied in its entirety.

Nonetheless, Plaintiff has raised an issue that needs to be addressed by the court. To that end, counsel for Trooper Ekberg should be instructed to submit an explanation to the court, including evidence, to rebut Plaintiff's allegation that counsel represented a disputed matter as stipulated, and the allegation that counsel did not send documents to Plaintiff as indicated in the certificate of delivery accompanying the motion for extension of time. (*See* ECF No. 35.) Counsel should file this explanation, and accompanying evidence, within fourteen days of any order from the District Court adopting this report and recommendation.

## RECOMMENDATION

For the reasons discussed above, the court **RECOMMENDS** the District Court **GRANT** Defendant's Motion for Summary Judgment. (ECF No. 26.)

The court **FURTHER RECOMMENDS** the District Court **DENY** Plaintiff's Motion for Summary Judgment. (ECF No. 23.)

The court **FURTHER RECOMMENDS** the District Court **DENY** Plaintiff's Motion to Add Additional Punitive Damages. (ECF No. 40.)

The court **FURTHER RECOMMENDS** the District Court **ORDER** counsel for Trooper Ekberg to file an explanation in response to Plaintiff's allegation that Plaintiff did not stipulate to ECF No. 35 and the allegation that counsel did not send documents to Plaintiff as indicated in the certificate of delivery, along with any supporting evidence, within **fourteen (14) days** of any order of the District Court adopting this Report and Recommendation.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 30th day of August, 2015.           By the Court:

_____
Dustin B. Pead
United States Magistrate Judge